AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
WELLS FARGO BANK, N.A., successor by merger to
Wells Fargo Bank Southwest, National Association,
successor by conversion from Wachovia Mortgage FSB
formerly known as World Savings Bank, FSB

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 18-27921-C-7 |
| LYNN M. ARNOLD, | D.C. No. APN-1 |
| Debtor. / | MOTION BY SECURED CREDITOR, WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NATIONAL ASSOCIATION, SUCCESSOR BY CONVERSION FROM WACHOVIA MORTGAGE FSB FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB FOR RELIEF FROM AUTOMATIC STAY RE: ITS INTEREST IN REAL PROPERTY LOCATED AT 838 W. ELM STREET, STOCKTON, CA 95203 (11 U.S.C. §§ 362(d)(1)and(2)) <u>(Local Rules 4001-1 and 9014-1)</u><br><br>Date: May 1, 2019<br>Time: 10:00 a.m.<br>Judge: Christopher M. Klein<br>Ctrm: #35, 6th Floor,<br>      501 I Street,<br>      Sacramento, CA |

This is a core proceeding as defined by the <u>United States Bankruptcy Code</u> and this creditor consents to a final Order or Judgment by the above-entitled Court.

1

The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157(a), et seq. and 28 U.S.C. § 1334, et seq.

PLEASE TAKE NOTICE that at the date, time, and location specified above, Secured Creditor, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, National Association, successor by conversion from Wachovia Mortgage FSB formerly known as World Savings Bank, FSB (hereinafter referred to as "Secured Creditor"), a secured creditor of Debtors, LYNN M. ARNOLD, (hereinafter referred to as "Debtor"), will respectfully move this Court to vacate the automatic stay entered in this proceeding and to order Debtor to abandon the interest in and to the real property more commonly referred to as 838 W. ELM STREET, STOCKTON, CA 95203 (hereinafter referred to as the "Property") so that Secured Creditor's secured interest in and to the Property may be foreclosed upon or otherwise disposed of in any manner permitted by the laws of the State of California.

Debtor(s) executed Creditor's home equity line of credit agreement (the "Debt Agreement") and agreed to be bound by its terms. The Debt Agreement is secured by a mortgage or deed of trust. Creditor is the original mortgagee/successor or beneficiary of the mortgage or deed of trust.

This Motion is made on the grounds that the prevailing contractual agreement and Note are in default in that Secured Creditor is without adequate protection because Debtor is delinquent in the payments to Secured Creditor and, therefore, Debtor has failed to provide Secured Creditor with the adequate protection and/or compensation it is entitled to receive hereunder.

Also, Secured Creditor is being prejudiced by the operation of the pending automatic stay provision in that Secured Creditor is being prevented from exercising its contractual and State-law rights over the Property.

Accordingly, Secured Creditor cannot be assured of repayment of the outstanding balance due and owing to it by Debtor and, therefore, Secured Creditor lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. § 362.

Based upon the foregoing, Secured Creditor will move the above-captioned Court to exercise its jurisdiction in this matter and grant Secured Creditor immediate relief from the pending automatic stay provisions which will allow Secured Creditor to foreclose upon its interest in and to the Property.

Secured Creditor will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. § 362, any and all notice required by State and/or Federal law, regulation or statute including Secured Creditor sending written notice to Debtor of the right to cure.

Secured Creditor will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Secured Creditor to take such actions, with respect to this real property, as are set forth under applicable non-bankruptcy law, including but not limited to, modification, short sale and other loss mitigation options.

Secured Creditor will further move the above-captioned Court to allow Secured Creditor to stop sending a Notice of Payment Change and/or Notice of Post Petition Fees, Expenses and Charges as required by FRBP 3002.1 upon entry of an Order granting this Motion for Relief from Automatic Stay.

Also, Secured Creditor will move the Court to grant such other and further relief as the Court may deem just and proper.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct photocopy of the [proposed] Order setting forth Secured Creditor's request for relief is filed separately herewith as Exhibit "E" and is incorporated herein by reference.

This Motion is based on the Notice Of Hearing, this Motion, and the Declaration of Talneca Kia Wilson filed herewith, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Secured Creditors respectfully prays that this Court:

1. Render an Order granting Secured Creditor relief from the pending automatic stay provisions, permitting Secured Creditor to move ahead with foreclosure proceedings under the parties' contractual agreement, including any and all action that becomes necessary to obtain possession of the Property;

2. Terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. § 362, any and all notice required by State and/or Federal law, regulation or statute including Secured Creditor sending written notice to Debtor of the right to cure;

3. Terminate the pending automatic stay provisions to allow Secured Creditor to take such actions, with respect to this real property, as are set forth under applicable non-bankruptcy law, including but not limited to, modification, short sale and other loss mitigation options;

4. Terminate the pending automatic stay provisions to allow Secured Creditor to stop sending a Notice of Payment Change and/or Notice of Post Petition Fees, Expenses

and Charges as required by FRBP 3002.1 upon entry of an Order granting this Motion for Relief from Automatic Stay;

5. Allow Secured Creditor to file or amend its claim to allow Secured Creditor to receive, or otherwise collect, any deficient amount that may exist after foreclosure of its interest in and to the Property,

6. Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

7. Grant such other and further relief as the Court may deem just and proper.

Dated: March 11, 2019

LAW OFFICES OF
AUSTIN P. NAGEL

*/s/ Austin P. Nagel/*

Attorneys for Secured Creditor,
WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Bank Southwest, National Association, successor by conversion from Wachovia Mortgage FSB formerly known as World Savings Bank, FSB

WFBBK.2359

5